John R. PHILLIPS, Plaintiff,

v.

TPC COMMUNICATIONS, INC., a corporation, Defendant.

Civ. A. No. 81–762.

United States District Court, W. D. Pennsylvania.

Feb. 11, 1982.

J. Jerome Mansmann, Mansmann, Cindrich & Huber, Pittsburgh, Pa., for plaintiff.

Alan Z. Lefkowitz, Kaplan, Finkel, Lefkowitz & Ostrow, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

TEITELBAUM, District Judge.

John R. Phillips brought this action against TPC Communications, Inc. (TPC) for damages alleging TPC's failure to file required reports with the Securities and Exchange Commission (SEC) barred his sale of restricted securities at an advantageous price. Jurisdiction is based on Section 27 of the Securities Exchange Act of 1934 (1934 Act), 15 U.S.C. § 78aa, which grants the district courts exclusive jurisdiction of all actions brought to enforce any liability or duty created by the 1934 Act or the rules and regulations promulgated thereunder.

Many of the basic facts are not contested and may be briefly summarized. In February of 1977 Phillips, as an employee of TPC, was issued a warrant to purchase 30,000 shares of TPC stock. In March of 1978 TPC repurchased 18,000 of the 30,000 warrant rights and in November of 1978 Phillips exercised his warrant rights purchasing 12,000 shares. This stock was not registered under the Securities Act of 1933 and was purchased under the private offering exemption to registration.

Needing funds to repay a demand note, Phillips attempted to sell this stock under SEC Rule 144 on March 2, 1981. However, the sale could not be made because Rule 144 requires that the issuer of the securities be current in its reporting, and TPC was at that time delinquent in the filing of its annual report with the SEC. Although TPC subsequently filed its annual report, it was then delinquent in filing its quarterly report. TPC became current in its reporting on May 8, 1981, and Phillips subsequently sold his stock under Rule 144. Because of declining values of TPC stock during this period, Phillips seeks damages measured by

the difference between the amount he would have received had he been able to sell his stock on March 2, 1981 and thereafter as permitted by Rule 144 and the amount he actually realized. Phillips also seeks as consequential damages the additional interest incurred on the demand note because of his inability to use the proceeds of the sale of his TPC stock to promptly reduce his indebtedness.

An understanding of the parties' contentions is aided by a preliminary examination of the relevant provisions of the securities laws. Section 13(a) of the 1934 Act, 15 U.S.C. § 78m(a)(2), requires the issuer of registered securities to file annual and quarterly reports with the SEC. Section 18(a) of the 1934 Act, 15 U.S.C. § 78r(a), imposes liability for false or misleading statements in required reports in favor of any person who in reliance upon such misstatement purchased or sold a security at a price affected by the misstatement.

Phillips' claim is premised on TPC's failure to timely file reports required under Section 13(a). Phillips contends TPC's violation of this legislative enactment directly caused him injury. Phillips concedes that he is unable to invoke the express remedy provided in Section 18(a). Phillips contends since TPC's violation of Section 13(a) both caused him injury and precluded him from attaining the threshold status of seller required to invoke Section 18(a), this Court should recognize an implied private right of action under Section 13(a).

TPC denies the existence of an implied right of action under Section 13(a).

The United States Court of Appeals for this Circuit has held there is no implied private right of action under Section 13(a) of the 1934 Act. The issue arose in the litigation growing out of the bankruptcy reorganization of the Penn Central railroad, *In re: Penn Central Securities Litigation,* 494 F.2d 528 (3d Cir. 1974). A group of Penn Central shareholders who held stock during the relevant time period claimed the defendants had filed misleading reports to inflate the value of Penn Central stock and that the plaintiffs relied on these reports in deciding not to sell their stock. Since the plaintiffs had not purchased or sold stock during the relevant time period, they could not invoke the remedial provisions of Section 18(a) and asserted an implied private right of action under Section 13(a). The Court of Appeals affirmed the district court's dismissal of the claim holding that Section 18(a) was the exclusive remedy for the alleged violations of Section 13(a).

Phillips attempts to distinguish *Penn Central* arguing that the court's decision was founded on the speculative nature of the plaintiffs' claims. Phillips argues that he, as contrasted with the *Penn Central* plaintiffs who decided not to sell, was actively attempting to sell his stock and his damages are provable. Thus Phillips argues the considerations underlying the decision in *Penn Central* do not exist in this case.

Examination of the court's rationale in *Penn Central* convinces this Court that *Penn Central* is controlling. The *Penn Central* court explained that the elimination of the purchaser-seller standing requirement of Section 18(a) for assertion of Section 13(a) violations would permit an unlimited scope of liability. The court further explained that the purchaser-seller requirement imposed on Section 13(a) through Section 18(a) paralleled the internal purchase-sale limitation found in the general anti-fraud provision of the 1934 Act, Section 10(b), 15 U.S.C. § 78j(b). Moreover, the court found there was no indication that Congress intended to extend the protection offered by Section 13(a) beyond the class of purchasers and sellers. Favoring judicial restraint, the court declined to judicially extend the terms of the statute to create new rights. For an application of *Penn Central* to facts similar to the present case see *DeWitt v. American Stock Transfer Co.,* 433 F.Supp. 994, 995, 1004–5 (S.D.N.Y.1977).

Phillips contends he is entitled to an implied right of action because TPC's violation of Section 13(a) caused him injury. Even without the precedent of *Penn Central,* independent analysis of this contention reveals it to be based on two erroneous

assumptions: Phillips incorrectly assumes 1) that he falls within the class protected by Section 13(a) and 2) that TPC's duty runs to him. The disclosure requirements of the securities laws are for the protection of investors to enable them to make considered investment decisions. Specifically the current reporting requirement of Rule 144 is for the protection of subsequent purchasers of restricted securities. Securities Act Release No. 5223 (Jan. 11, 1972), [1971–72 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 78,487. Phillips was able to originally purchase unregistered securities under the private offering exemption precisely because he did not need the protection disclosure affords; that is, he had access to the type of information that would be made available through disclosure and he had the capacity to evaluate such information. Neither Section 13(a) itself nor as incorporated into Rule 144 was intended to protect or benefit an investor such as Phillips. Further Phillips purchased the stock for investment purposes only and TPC assumed no obligation or duty to assure Phillips could sell the stock under Rule 144.

Given this Court's conclusion that Phillips has failed to state a claim against TPC upon which relief may be granted, this Court expresses no opinion on other issues raised by the parties. The foregoing shall constitute findings of fact and conclusions of law in accordance with Fed.R.Civ.P. 52(a). An appropriate order shall issue.

### ORDER

AND NOW February 11, 1982 in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED that judgment is entered in favor of the defendant and against the plaintiff and the instant action is dismissed.